UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL, | No. 2:17-cv-1937 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF AMADOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions to stay, to "rescind" the case, and to amend. ECF Nos. 6, 9, 10.

Plaintiff filed a motion to stay the case so that he could continue exhausting his administrative remedies. ECF No. 6. However, he subsequently filed a motion to proceed with his civil rights complaint stating that he had exhausted his administrative remedies. ECF No. 8. The motion to proceed will be construed as a motion to withdraw the motion to stay and will be granted.

Plaintiff also moves to "rescind" the case and to amend the complaint. ECF Nos. 9, 10. It appears that his motion to rescind seeks to dismiss the case without prejudice, and his motion to amend requests that he be permitted to dismiss the case without prejudice or to file an amended complaint. Plaintiff will be required to advise the court whether he wants to voluntarily dismiss

1

the case without prejudice or to amend the complaint.

If plaintiff chooses to voluntarily dismiss the case without prejudice, the court will close this case without assessing a filing fee and plaintiff will not be prevented from bringing a new case based on the same claims if he wants.

If plaintiff chooses to file an amended complaint, this case will be kept open and the amended complaint will be filed under the current case number. Plaintiff is advised that if an amended complaint includes any recently exhausted claims that were also included in the original complaint before they were exhausted, those claims will be subject to dismissal. See 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-200 (9th Cir. 2002) (administrative remedies must be exhausted before filing suit, and failure to do so, unless administrative remedies were unavailable, requires dismissal of the unexhausted claims without prejudice).

If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."); McKinney, 311 F.3d at 1199 (a prisoner does not comply with exhaustion requirement by exhausting available remedies during the course of litigation). However, a complaint may be amended to add new claims so long as the administrative remedies for the new claims are exhausted prior to amendment. Cano v. Taylor, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (new claims added to a lawsuit via amendment that are exhausted prior to the amendment comply with the exhaustion requirement); Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing). In other words, a claim must have been exhausted at the time it was *first* made in the case, or it can be dismissed for failure to exhaust even if it is exhausted after the complaint is filed. If a claim is dismissed without prejudice for failure to exhaust, the claim can be brought in a new case after it has been exhausted.

The court takes no position on which option plaintiff should pursue.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw the motion to stay (ECF No. 8) is granted and the motion to stay (ECF No. 6) is deemed withdrawn.

2. Within fourteen days of service of this order, plaintiff must complete and return the attached notice advising the court whether he wants to dismiss the complaint without prejudice or amend the complaint.

DATED: February 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF AMADOR, et al.,<br><br>    Defendants. | No. 2:17-cv-1937 MCE AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to voluntarily dismiss the complaint without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                  Xavier Lumar J'Weial
                                                  Plaintiff pro se