UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF AMADOR, et al.<br><br>Defendants. | No. 2:17-cv-1937 MCE AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Amador County, K. Borgi (kitchen supervisor), R.C. Lindsey (kitchen supervisor), Joe Lizarraga (warden), Imam Mohamad, and I. Rivera (S.C.C.[1]) violated plaintiff's rights under the First and Eighth Amendments. ECF No. 1 at 2-6. Specifically, plaintiff states that his faith is Messianic Judaism, and that from April 10 through April 18, 2017, he was intentionally singled out and denied religious meals for the Passover holiday even though other participants in the same religious program received religious meals during this period. Id. at 4, 6. As a result, plaintiff alleges that he did not eat for multiple days, which caused him pain and other physical and emotional symptoms. Id. at 4, 6. In a separate claim, plaintiff asserts that he filed an administrative grievance on an unspecified matter, and because of this, defendants Mohamad, Borgi, Rivera, and Lindsey retaliated against him by denying him religious meals. Id. at 5.

IV. Failure to State a Claim

A. County of Amador

Although the complaint names the County of Amador as a defendant, it does not state a basis for naming the county as a party to this action given that plaintiff was a state prisoner in

---

[1] The meaning of the acronym "S.C.C." is not set forth in the complaint, but it appears to refer to "Supervising Correctional Cook." See ECF No. 8 at 10.

state custody at the time of the events in question. Because plaintiff has not described how the county is responsible for his conditions of confinement in a state prison, his claims against the county fail.

B. Personal Involvement

A person can only be held liable under § 1983 for his or her own conduct. "A plaintiff must allege facts . . . that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)). This is true even for supervisors, because "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

> Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal citations and quotation marks omitted). Thus, "[a]lthough there is no pure *respondeat superior* liability under § 1983, a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting Taylor, 880 F.2d at 1045). Additionally, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks omitted) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

Here, plaintiff has not stated facts sufficient to show that defendants were personally involved in the meal deprivations alleged in his complaint. His free exercise of religion claim fails because, though plaintiff states that Lizarraga, Mohamad, Borgi, Rivera, and Lindsey

4

intentionally denied him religious meals, he does not explain what each of these individuals personally did (e.g., personally refusing to distribute religious meals to plaintiff, or directing others to not distribute religious meals to him). ECF No. 1 at 4. Instead, he alleges generally that defendants all have a "policy, custom and usage of not allowing inmates freedom to exercise their respective religion." Id. This suggests that plaintiff is alleging liability based on defendants' supervisory capacities rather than their personal involvement in the denial of meals.

Plaintiff's claim for deliberate indifference fails for similar reasons. While plaintiff states that the County of Amador, Lizarraga, Mohamad, Borgi, Rivera, and Lindsey are to blame for the denial of religious meals, he does not explain if or how these defendants knew about the number of meals that he missed or how they were involved in the denials. Id. at 6. This is important because if the same person denied plaintiff his religious meals every day for the eight-day holiday, that may show deliberate indifference, but if a different person denied his meals each day, absent some knowledge of the other denials, that suggests an insufficiently culpable state of mind. Plaintiff also reiterates that defendants had "a custom, policy and usage of not providing inmates with their religious meals," once again suggesting that defendants' involvement is based upon their supervisory positions, and he does not explain whether or to whom he reported being denied meals. Id. at 5-6. As a result, it is unknown whether defendants knew that he was not receiving meals during the holiday. Accordingly, the complaint does not provide facts sufficient to support that defendants disregarded an excessive risk to plaintiff's health or safety.

To the extent that it appears that plaintiff is alleging liability against defendants based on a policy, he has not stated facts sufficient to show that they created or implemented a policy that violated his rights. Although plaintiff alleges that there is a "policy" of not allowing inmates freedom to practice their religion, he also states that CDCR Rules and Regulations provide for the "approval as well as the resources to participate in" Passover and that he was the only one purposely singled out to not receive religious meals. Id. at 4. The assertion that he alone was denied religious meals suggests that there was not a policy of denying religious practice, and the information provided does not show that there was a constitutionally deficient policy in place.

Finally, plaintiff asserts that Mohamad, Borgi, Rivera, and Lindsey retaliated against him

intentionally denied him religious meals, he does not explain what each of these individuals personally did (e.g., personally refusing to distribute religious meals to plaintiff, or directing others to not distribute religious meals to him). ECF No. 1 at 4. Instead, he alleges generally that defendants all have a "policy, custom and usage of not allowing inmates freedom to exercise their respective religion." Id. This suggests that plaintiff is alleging liability based on defendants' supervisory capacities rather than their personal involvement in the denial of meals.

Plaintiff's claim for deliberate indifference fails for similar reasons. While plaintiff states that the County of Amador, Lizarraga, Mohamad, Borgi, Rivera, and Lindsey are to blame for the denial of religious meals, he does not explain if or how these defendants knew about the number of meals that he missed or how they were involved in the denials. Id. at 6. This is important because if the same person denied plaintiff his religious meals every day for the eight-day holiday, that may show deliberate indifference, but if a different person denied his meals each day, absent some knowledge of the other denials, that suggests an insufficiently culpable state of mind. Plaintiff also reiterates that defendants had "a custom, policy and usage of not providing inmates with their religious meals," once again suggesting that defendants' involvement is based upon their supervisory positions, and he does not explain whether or to whom he reported being denied meals. Id. at 5-6. As a result, it is unknown whether defendants knew that he was not receiving meals during the holiday. Accordingly, the complaint does not provide facts sufficient to support that defendants disregarded an excessive risk to plaintiff's health or safety.

To the extent that it appears that plaintiff is alleging liability against defendants based on a policy, he has not stated facts sufficient to show that they created or implemented a policy that violated his rights. Although plaintiff alleges that there is a "policy" of not allowing inmates freedom to practice their religion, he also states that CDCR Rules and Regulations provide for the "approval as well as the resources to participate in" Passover and that he was the only one purposely singled out to not receive religious meals. Id. at 4. The assertion that he alone was denied religious meals suggests that there was not a policy of denying religious practice, and the information provided does not show that there was a constitutionally deficient policy in place.

Finally, plaintiff asserts that Mohamad, Borgi, Rivera, and Lindsey retaliated against him

for filing a grievance, in violation of the First Amendment.[2] Id. at 5. However, he once again fails to specify what these individuals personally knew or did. The complaint does not state when plaintiff filed the grievance or how defendants learned about it, and it is unclear whether the retaliatory denial was the denial of Passover meals or a separate denial of religious meals.[3] Nor does plaintiff explain how defendants denied him religious meals (e.g. personally refused to give him meals, ordered other staff to stop giving plaintiff meals, etc.). Because the complaint does not allege sufficient facts, plaintiff fails to state a claim for retaliation.

V.    Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended

---

[2] Although plaintiff cites the Eighth and Fourteenth Amendments in his retaliation claim, he does not make any allegations that would implicate either amendment. ECF No. 1 at 5.

[3] To the extent plaintiff may be attempting to state a claim against defendants because they denied a grievance about religious meals, there are no facts to show that defendants were on notice of the denial of the meals at a time when they could have intervened.

complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In the event plaintiff chooses to amend the complaint, he should keep the following standards in mind. To state a claim for violation of his religious freedom under the First Amendment, plaintiff must show that each defendant burdened the practice of his religion by preventing him from engaging in a sincerely held religious belief, and that the defendant did so without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

A retaliation claim must include:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff must allege enough facts to show that each defendant's action was taken because of his protected conduct.

Finally, "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the

7

entire filing fee immediately.

The complaint is being "screened out" and will not be served because the facts you have alleged are not enough to state a claim for relief. Rather than recommending dismissal, the undersigned is giving you a chance to file an amended complaint. To state a claim, you must explain how each person that you name as a defendant was involved in violating your rights. That is, you should provide more details about what each defendant did to violate your rights. Explain how they denied your religious meals (e.g, in person, by telling someone else not to give you your meal, etc.) and why you believe the denials were in retaliation for you filing a grievance (e.g., they knew about the grievance and denied your meal shortly after you filed it, they said something to you that made you think they were retaliating, etc).

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is not appropriate for service and is subject to dismissal in its present form, but plaintiff is granted leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in

accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 30, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE