UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF AMADOR, et al.<br><br>Defendants. | No. 2:17-cv-1937 MCE AC P<br><br><br><br>ORDER |

After the original complaint was screened and found to be not appropriate for service, plaintiff was given leave to amend (ECF No. 15) and has now filed a first amended complaint (ECF No. 18).

I.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The first amended complaint alleges that supervising correctional cooks Borgi, Rivera, and Lindsey, and correctional cook Eidhammer, violated plaintiff's rights under the First Amendment.[1] ECF No. 18 at 2-8.  Specifically, plaintiff states that he practices Messianic Judaism and that from April 10 through April 18, 2017, he was denied religious meals for the Passover holiday. Id. at 5-6.  He asserts that meals were denied to him in retaliation for the multiple grievances he has filed against staff, including defendants. Id. at 3.

With respect to the named defendants, plaintiff alleges that he was interviewed by defendant Borgi on April 26, 2017, and when he asked about the denial of his Passover meals was told that because he was "not a real Jew" and filed a grievance he could "expect worse." Id. at 4.

---

[1] Although plaintiff also states that defendants violated his rights under the Eighth Amendment (ECF No. 18 at 8), there are no factual allegations that would support such a claim.

2

He then filed a request for an interview regarding the denial of his meals, which was responded to by defendant Rivera on June 26, 2017. Id. Rivera told him that he had spoken to Borgi, and that plaintiff might have been treated differently and allowed to practice Passover if he did not file complaints. Id. Plaintiff then filed a grievance to defendant Lindsey, who interviewed him on July 6, 2017. Id. Lindsey responded by telling plaintiff that "apparently [he] made someone mad" and implied that the denial was due to his grievances. Id. at 4-5. The following day, plaintiff was interviewed by defendant Eidhammer and was told that the other defendants were mad at him and that Eidhammer would not prevent plaintiff from being denied kosher meals. Id. at 5. He alleges that defendants' comments show that they conspired to retaliate against him and to deny him his right to practice his religion, and that they further failed to take action to prevent retaliation, harassment, and discrimination against plaintiff. Id. at 5-7.

I. Failure to State a Claim

   A. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."

3

Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer, 511 U.S. 825.

      The constitutional injury alleged here is the retaliatory denial of kosher meals during Passover in 2017, from April 10 through April 18 of that year.  The complaint does not identify any actions taken by any of the named defendants on those dates.  The person or persons responsible for the actual deprivation of religious meals are not identified.  Although plaintiff claims that he was denied special religious meals during Passover and that the denial was in retaliation for filing grievances, there are no facts showing that the named defendants were involved in the denial or were notified of the denial at a time when they could have intervened.  According to the amended complaint, plaintiff's first contact with any of the defendants was over a week after Passover ended.  Although defendants' alleged remarks do indicate that the withholding of Passover meals had been retaliatory, there are no facts to indicate that any of the defendants was involved in the retaliatory acts or that they did anything more than condone the conduct of others after the fact.  The prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  As the Seventh Circuit has observed:

> Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George, 507 F.3d at 609-10.  Accordingly, plaintiff has once again failed to allege facts sufficient to show that defendants were involved with the denial of his Passover meals or that they personally retaliated against him.

////

////

4

II.     Leave to Amend

Plaintiff will be given one final opportunity to amend the complaint. If he chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In the event plaintiff chooses to amend the complaint, he should keep the legal standards outlined in the March 31, 2020 screening order (ECF No. 15 at 7) in mind.

III.    Plain Language Summary of this Order for a Pro Se Litigant

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You must explain how each person that you name as a defendant was involved in violating your rights. That means you must provide facts showing how each defendant was responsible for denying you kosher meals during Passover 2017. If you choose to amend your complaint, the second amended complaint must include all of the claims

you want to make because the court will not look at the claims or information in the original complaint.  Any claims or information not in the second amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is not appropriate for service and is subject to dismissal in its present form, but plaintiff is granted one final opportunity to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 18, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE